

FILED

FEB 1 0 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

***POSTED ON WEBSITE***
***NOT FOR PUBLICATION***

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 08-26007-D-11 |
| | ) | |
| RICHARD J. LEWIS, III, | ) | DCN:   SMR-5 |
| | ) | |
| | ) | Date:  February 3, 2010 |
| Debtor. | ) | Time:  10:00 a.m. |
| | ) | Dept:  D |

**This memorandum decision is not approved for publication and may
not be cited except when relevant under the doctrine of law of
the case or the rules of claim preclusion or issue preclusion.**

### <u>MEMORANDUM DECISION</u>

On December 21, 2009, attorney Stephen M. Reynolds
("Counsel") filed a motion for a first and final allowance of
compensation as counsel to the debtor (the "Motion"), Docket
Control No. SMR-5.  For the reasons set forth below, the Motion
will be granted in part and denied in part.

### <u>I.  BACKGROUND</u>

This voluntary chapter 11[1] case was commenced on May 8, 2008
by Richard J. Lewis, III (the "debtor").  Insofar as Counsel's
employment and compensation are concerned, the case has suffered
from a lack of attention to detail from the beginning.  At the
time the case was commenced, Counsel filed a statement pursuant
to § 329(a) and Rule 2016(b) in which he certified that he had
received a $25,000 retainer for his services as counsel for the

---

1.    Unless otherwise indicated, all Code, chapter, section
and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-
1330, and to the Federal Rules of Bankruptcy Procedure, Rules
1001-9036.

1  debtor.  Over a year later, on August 26, 2009, after the court

2  had required Counsel to account for his retainer, he filed an

3  amended Rule 2016(b) statement indicating that the retainer had

4  actually been $23,500.

5      Within a month after the petition was filed, on June 5,

6  2008, Counsel filed an application for approval of his employment

7  as counsel for the debtor-in-possession.  However, he failed to

8  serve the application until October 29, 2008, and as a result, no

9  order authorizing his employment was issued until November 10,

10 2008.

11     In addition, as will be discussed below, despite the

12 conditions contained in the order authorizing his employment,

13 Counsel was apparently prepared to allow the case to be dismissed

14 without court approval of his compensation.[2]

15     Counsel handled the process of confirming a plan with

16 greater care, obtaining confirmation of the debtor's plan of

17 reorganization (the "plan") in a timely manner, on December 15,

18 2008.

19 _____

20     2.  As with the majority of employment orders issued by this
   department, the order expressly provided that (1) no compensation
21 would be permitted to Counsel except upon court order following
   application pursuant to §330(a), (2) that all funds received by
   Counsel in connection with this matter, whether denominated a
22 retainer or said to be nonrefundable, were deemed to be an
   advance payment of fees and property of the estate, except to the
23 extent Counsel demonstrated, in a Rule 2016(b) statement filed
   before ten days after issuance of the order, that such funds were
24 received as the reasonable value of actual pre-petition services,
   and (3) that funds of the estate so constituting an advance
25 payment of fees would be maintained in a trust account,
   withdrawals to be permitted only after approval of an application
26 for compensation.

27     Dismissal of a chapter 11 case has the effect of vacating
   certain court orders; orders approving employment of counsel are
28 not among them.  See § 349(b)(2).

- 2 -

On June 12, 2009, PIDC Pennsylvania Venture Fund ("PIDC"), one of the debtor's largest creditors, filed a motion to set aside the plan confirmation order, or alternatively, to amend the plan or for relief from the automatic stay.  PIDC's claim had not been disclosed by the debtor in his bankruptcy schedules. On July 1, 2009, four other previously undisclosed creditors, together holding a claim double the amount of PIDC's, joined in PIDC's motion.[3]  The debtor has since admitted that neither PIDC nor these four other creditors received timely notice of the case.[4]

The debtor met PIDC's motion not with opposition but with a motion to dismiss the case, in which he contended he was unable to complete the reorganization called for by the plan, that dismissal would put all creditors on an equal footing, and that conversion of the case to chapter 7 would not likely result in a meaningful distribution to unsecured creditors.  Counsel set the motion to dismiss for hearing on August 19, 2009.

Thus, it was clear Counsel contemplated the case being dismissed as early as August 19, 2009, yet he had not sought approval of his compensation.  As a result, on August 14, 2009, the court issued an order requiring Counsel to file a declaration accounting for his retainer and stating his intentions for any remaining balance.  The court set a hearing for September 2,

---

3.  By civil minute order dated July 21, 2009, the court converted PIDC's motion to an adversary proceeding, as required by Rule 7001(5).

4.  Counsel has testified he learned of these claims in May or June of 2009, long after the plan was confirmed, and that if he had known of the existence of these creditors, they would have received notice of the case and the plan.  The court accepts this representation.

1 │ 2009, and continued the hearing on the debtor's motion to dismiss
2 │ to the same date.

3 │     Although Counsel filed a responding declaration on August
4 │ 26, 2009, as required, he did not file a motion to approve his
5 │ compensation until October 21, 2009.  In the meantime, on
6 │ September 2, 2009, the court dismissed the case on terms
7 │ agreeable to the debtor and the previously omitted creditors, and
8 │ retained jurisdiction to determine fee awards.

9 │     Counsel's initial motion for approval of fees (the "Initial
10 │ Fee Motion"), heard November 18, 2009, was fraught with defects -
11 │ - (1) the motion and Counsel's supporting declaration were not
12 │ signed; (2) the declaration stated that billing records were
13 │ attached as an exhibit but the exhibit was missing; and (3) the
14 │ motion passingly stated that contemporaneous time records were
15 │ not submitted due to "computer problems," but rather, that the
16 │ time records were reconstructed.[5]  As a result of these multiple
17 │ defects, the Initial Fee Motion was denied without prejudice.
18 │ The court afforded Counsel an opportunity to file another motion,
19 │ but made clear in both a tentative ruling and at the hearing on
20 │ the Initial Fee Motion that Counsel's explanation as to the
21 │ absence of contemporaneous time records was wholly inadequate and
22 │ should be supplemented.

23 │     The present Motion followed.  Counsel contends he applied
24 │ $5,030 of the retainer to pre-petition services and the filing

25 │
   │ ─────────────────────────────────────────
26 │     5.    This fact was not disclosed in Counsel's supporting
   │ declaration wherein he purportedly attaches a "true and correct
   │ copy of [his] billing records."  Declaration of Stephen M.
27 │ Reynolds in Support of Counsel's Motion for First and Final
   │ Allowance of Compensation as Counsel for Debtor, filed October
28 │ 21, 2009, ¶5.

                                - 4 -

1  fee, leaving a balance of $18,500.[6]  Although Counsel believes he
2  provided at least $27,900 worth of services post-petition (93
3  hours at $300 per hour), he seeks approval of $18,500, the
4  remaining balance of the retainer.

5  <u>II. STANDARDS FOR EVALUATING FEE APPLICATIONS</u>

6      Reasonableness of professionals' compensation in bankruptcy
7  cases is determined by looking at the nature, extent, and value
8  of the services rendered.   § 330(a)(3); <u>In re Eliapo</u>, 298 B.R.
9  392, 401 (9th Cir. BAP 2003).  The relevant factors include the
10  time spent, the rates charged, whether the services were
11  necessary to the administration of, or beneficial at the time
12  they were rendered toward the completion of the bankruptcy case,
13  whether the services were performed within a reasonable amount of
14  time commensurate with the complexity, importance, and nature of
15  the problem, issue, or task addressed, whether the professional
16  is board certified or otherwise has demonstrated skill and
17  experience in the bankruptcy field, and whether the compensation
18  is reasonable based on the customary compensation of comparably
19  skilled attorneys in cases other than bankruptcy cases.
20  § 330(a)(3).

21  <u>III. ANALYSIS</u>

22      Despite the court's admonitions, Counsel's present Motion
23  and supporting declaration added nothing to his earlier single-
24  sentence explanation of the absence of contemporaneous time
25  records.  This time, however, he did submit the exhibit

26  _____

27      6.  Although Counsel's amended Rule 2016(b) statement
indicates he received a retainer of $23,500, his declaration
28  indicates the retainer was actually $23,530.

comprising his reconstructed time records.[7]

Particularly after the Initial Fee Motion was denied,
Counsel was expected to demonstrate a heightened sense of caution
and detail in his second attempt.  Instead, at a minimum, the
newly-submitted so-called time records reflect a gross
indifference to the requirements a professional needs to comply
with in representing debtors in chapter 11 cases.

The court recognizes that these time records were
essentially reconstructed after the fact; yet the amounts of time
Counsel has chosen to attribute to the enumerated tasks cannot be
justified.  For example, he billed one hour for a three-sentence
notice of related cases, one and one-half hours for a standard-
form order approving disclosure statement that required only that
he fill in a few blanks, four hours for a three-paragraph
conclusory opposition to a relief from stay motion with little or
no factual or legal analysis, and five hours for a notice of
motion and two-and-one-half page motion to dismiss case, on top
of five and one-half hours for a debtor declaration and
opposition to the PIDC motion that were never filed.  Counsel has
also charged for "filing" various documents -- a service that is
secretarial in nature and therefore not chargeable.  These and
several other instances lead the court to conclude that Counsel
has given little or no effort to accurately reconstruct his time
records, and the resulting product deprives the time entries of

_____

7.  Continuing with the inattentive way in which Counsel has
approached his compensation in this case, the Motion itself bears
the same date as his earlier motion, and does not bear Counsel's
signature, despite the court's notation in its tentative ruling
that the earlier motion was not signed.

any credibility.[8]

However, regardless of how deficient Counsel's explanation and re-creation of his time entries, he did take the case through plan confirmation in a timely fashion.  Thus, Counsel's services, to some extent at least, were necessary to the administration of the case and beneficial at the time they were rendered toward the completion of the case.  Therefore, some amount of compensation will be awarded.

Based on the court's review of the record in this case, and given the court's general familiarity with the case, the court concludes that the rate charged ($300 per hour) is not disproportionate to the quality of the services provided and that the services were performed competently.  However, the gross indifference Counsel has demonstrated in processing his fee applications coupled with the extreme and obvious overcharges in the time entries make it difficult for the court to conclude that the amount of time allegedly spent (93 hours) is proportionate to the problems addressed by Counsel in the case.  In these circumstances, therefore, the court will award Counsel the sum of $15,000 for his post-petition services.

/ / /

/ / /

_____

8.  The court has considered Counsel's supplemental declaration, filed January 11, 2010, but finds that it does little to correct the problem.  The court also recognizes Counsel's comment at the hearing that certain listed blocks of time may include other services, such as reviewing a related pleading, that are not described in the entry.  However, the debtor has the burden of proof on this Motion (Eliapo, at 402), and this explanation does not account for any of the particular blatant overcharges listed above.

- 7 -

## IV. CONCLUSION

For the reasons set forth above, Counsel will be awarded compensation for services rendered and reimbursement of costs incurred in the total amount of $15,000 for the post-petition period.  The balance of funds held by Counsel in his trust accont shall be returned to the debtor.  The court will issue an appropriate order.

Dated:   February 10, 2010

_Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

1                            **CERTIFICATE OF MAILING**

2        I, Andrea Lovgren, in the performance of my duties as Deputy

3  Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a

4  true copy of the attached document to each of the parties listed

5  below:

6  Office of the US Trustee
   501 "I" Street, Suite 7-500
7  Sacramento, CA 95814

8  Stephen Reynolds
   424 2nd Street, #A
9  Davis, CA 95616

10  Richard Lewis III
    9701 Fair Oaks Blvd., 2nd Fl.
11  Fair Oaks, CA 95628

12
   DATE:  FEB 10 2010
13

14                                Deputy Clerk

15

16

17

18

19

20

21

22

23

24

25

26

27

28